

SO ORDERED,

**Judge Jason D. Woodard**

United States Bankruptcy Judge

The Order of the Court is set forth below. The case docket reflects the date entered.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

IN RE:

| | |
|---|---|
| DON D. HARRIS and<br>CHIQUITA G. HARRIS, | Case No.:   15-12618-JDW |
| Debtors. | Chapter:   7 |

## ORDER DENYING APPLICATION FOR COMPENSATION (DKT. # 41)

This matter came before the Court for hearing on the Application for Compensation (the "Application")(Dkt. # 41) filed by John Sherman, counsel of record for Don and Chiquita Harris (the "Debtors") in this case.  The chapter 13 Trustee (the "Trustee") filed a response (the "Response")(Dkt. # 50) objecting to the Application.  A hearing was held on January 12, 2016 where counsel for both parties appeared and made argument.

This Court has jurisdiction pursuant to 28 U.S.C. § 151, 157 and 1334(b) and the United States District Court for the Northern District of Mississippi's Order of Reference dated August 6, 1984.  This is a core proceeding arising under

1

Title 11 of the United States Code as defined in 28 U.S.C. § 157(b)(2)(A) and (O). The Court has now reviewed the Application, the Response, and the applicable case law, and finds that the Application must be denied.

## I. FACTS

The Debtors filed their chapter 13 petition for bankruptcy on July 26, 2015 (Dkt. # 1). On November 22, 2015, after it became evident that the chapter 13 plan was no longer feasible, the Debtors sought conversion of their case to chapter 7 (Dkt. # 40). The Court entered an order converting the case to chapter 7 on November 23, 2015 (Dkt. # 44). In the Application, Mr. Sherman requests that the Court order the Trustee to pay $600 out of the funds on hand to Mr. Sherman, for attorney's fees that are owed to him. The Trustee contends that the Application violates a recent ruling made by the U.S. Supreme Court (Dkt. # 50). *See Harris v. Viegelahn,* 135 S.Ct. 1829 (2015).

## II. ANALYSIS

A.  *Harris v. Viegelahn*

In *Harris v. Viegelahn*, a unanimous Supreme Court held that when a confirmed chapter 13 plan is later converted to a chapter 7, all funds on hand must be returned to the debtor and cannot be disbursed to creditors. *Harris,* 135 S.Ct. at 1835. In doing so, the Supreme Court resolved a circuit split on this particular point while leaving the lower courts to flesh out other related issues. One of those peripheral issues is whether a debtor's attorney (and other

2

administrative expenses claimants) is entitled to his unpaid fee when a chapter 13 case is converted prior to confirmation. Although this question was not directly addressed by the Supreme Court, *Harris* is nonetheless instructive.

*Harris* left no doubt on two principles. First, that after a case is converted to chapter 7, "no chapter 13 provision holds sway." *Id.* at 1838. And second, that after converting to chapter 7, "the chapter 13 trustee is stripped of authority to" disburse payments to creditors. *Id.* In summing up these two precepts, one court has aptly noted:

> In other words, the Supreme Court held that none of the provisions of Chapter 13 apply in a case converted to Chapter 7. This holding is central to an understanding of the import of *Harris*. After conversion, a Chapter 13 trustee becomes formerly serving Chapter 13 trustee in the case; her services qua Chapter 13 trustee are terminated, and her remaining responsibilities are not predicated on Chapter 13.

*In re Beauregard,* 533 B.R. 826, 829 (Bankr. D.N.M. 2015).

The Supreme Court held that §§ 103(i) and 348(e) of the Bankruptcy Code[1] demanded these conclusions. *Harris*, 135 S.Ct. at 1838. Section 103(i) provides that "Chapter 13 . . . applies only in a case under such chapter." 11 U.S.C. § 103(i). As a result, when a case has been converted to chapter 7, chapter 13 becomes inapplicable. *Harris*, 135 S.Ct. at 1838. Section 348(e) provides that "conversion of a case . . . terminates the service of the trustee or examiner that is serving in the case before such conversion." 11 U.S.C. § 348(e). The chapter 13

---

[1] The "Bankruptcy Code" is defined as Title 11 of the United States Code. Unless otherwise indicated, all chapter, section, and rule references are to the Bankruptcy Code, 11 U.S.C. § 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

3

trustee is clearly terminated upon conversion, so she may not continue to provide a "service," such as distributing "payments to creditors under the plan." *Id.*; *see Harris,* 135 S.Ct. at 1838. The "wind-up" duties of the chapter 13 trustee stem from Bankruptcy Rule 1019, not chapter 13 of the Bankruptcy Code. Fed. R. Bankr. P. 1019.

With these core *Harris* principles in mind, the Court now turns to the facts at issue here.

B.   **Applying *Harris* to Pre-Confirmation Conversions**

Most courts, post-*Harris*, have held that upon conversion the chapter 13 trustee must return the funds on hand to the debtor and may not pay administrative expense claims. *In re Ulmer*, 2015 WL 3955258 (Bankr. W.D. La. June 26, 2015); *Beauregard*, 533 B.R. 826; *In re Sowell*, 535 B.R. 824 (Bankr. D. Minn. 2015); *In re Spraggins*, 2015 WL 5227836 (Bankr. D.N.J. Sept. 4, 2015); *In re Beckman*, 536 B.R. 446 (Bankr. S.D. Cal. 2015). This Court agrees that this is the proper reading of *Harris*.

For administrative expense claimants to be paid when a chapter 13 case is converted, the Trustee would have to do two things that she is prohibited from doing. The Trustee would have to look to the chapter 13 plan to determine what administrative claims to disburse. At this point, the first conflict arises: the chapter 13 plan no longer controls and thus no longer dictates how the funds are paid. *Harris,* 135 S.Ct. at 1838 (citing 11 U.S.C. § 348(e)). The Trustee would

4

next have to disburse funds in accordance with the nullified plan. Here, the Trustee is faced with the second problem: for the Trustee to disburse funds she would be performing a service—making payments to creditors—that, having been terminated, she may not perform. *Harris,* 135 S.Ct. at 1838 (citing to 11 U.S.C. § 1326(c)).

It must also be pointed out that § 1326(a)(2) cannot be used to remedy this predicament. Despite *Harris* explicitly stating that chapter 13 provisions "hold no sway" after conversion to chapter 7, some courts have continued to enforce the third sentence in § 1326(a)(2) that states: "[i]f a plan is not confirmed, the trustee shall return any such payments not previously paid and not yet due and owing to creditors pursuant to paragraph (3) to the debtor, after deducting any unpaid claim allowed under section 503(b)." *See In re Brandon,* 537 B.R. 231 (Bankr. D. Md. 2015)(finding that the third sentence of § 1326(a)(2) still applies even though the first and second sentence do not). This Court agrees with the *Beauregard* court that there is "no principled basis upon which to continue to give effect to the third but not the second sentence of § 1326(a)(2)." 533 B.R. at 831. The Supreme Court made it clear that *no* chapter 13 provision holds sway after conversion; therefore, giving effect to the third sentence of § 1326(a)(2) but not

5

the first two (even though each sentence deals with a different procedural posture) cuts directly against *Harris*.[2]

### III. CONCLUSION

*Harris* prohibits a chapter 13 trustee from paying administrative expenses when a chapter 13 plan is converted prior to confirmation. The "pivotal analysis in *Harris* did not turn on the existence of a confirmed plan," therefore its reasoning is equally binding for pre-confirmation conversions. *Beckman*, 536 B.R. at 448-49; *accord Beauregard,* 533 B.R. at 928; *Sowell*, 535 B.R. at 825; *Spraggins,* 2015 WL 5227836 at *2.

Today's result is harsh. Chapter 13 debtor's attorneys are asked to provide services to individuals who are already in such financial distress that they have chosen to file bankruptcy. These services are generally provided in advance, with payment to come over time through the plan. Recognizing that these attorneys must be given some incentive to serve when the prospects for compensation are so uncertain, Congress granted the fees administrative priority. 11 U.S.C. § 507(a)(2). But administrative priority claimants are still creditors, and *Harris* is clear that creditors may not be paid by the chapter 13

---

[2] This holding does not make the third sentence of § 1326(a)(2) superfluous, as that provision may still be operative when a chapter 13 case is dismissed, rather than converted, prior to confirmation. Dismissal of a case, in contrast with conversion, is a different issue and the Court's holding today does not extend to cases that are dismissed. For that reason, cases such as *Ulmer, Brandon,* and *In re Ikegwu* to the extent that they discuss *Harris*'s impact on dismissals, may be helpful for addressing payment of administrative expenses upon dismissal. Nevertheless, those cases are less persuasive when their holdings are applied to pre-confirmation conversions. *Ulmer*, 2015 WL 3955258; *Brandon,* 537 B.R. 231; *In re Ikegwu,* 2015 WL 5608357 (Bankr. D. Md. Sept. 23, 2015).

trustee once the case is converted.  In the absence of a different reading of *Harris* by a higher court, this Court is compelled to deny the Application.  Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED** that the Application (Dkt. # 41) is **DENIED.**

##END OF ORDER##